EDWARD ROWE and others, Respondents, *v.* CHARLES L. GUILLEAUME, Appellant.

*Voluntary discharge by plaintiff of defendant from arrest—when not a satisfaction of the judgment on which the execution issued.*

The defendant was arrested under an execution issued on a judgment, whereupon he noticed a motion to set aside the arrest, on the ground that he had not been arrested on an order before the entry of the judgment. The plaintiff, without waiting for the decision of the motion, consented to his release, upon his agreeing not to bring an action for false imprisonment.

*Held,* that the consent of the plaintiff to his release did not amount to a satisfaction of the judgment.

APPEAL from an order denying a motion to satisfy of record the judgment entered in this action in the county of New York.

*Geo. W. Van Slyck,* for the appellant.

*A. R. Dyett,* for the respondents.

DANIELS, J.:

The motion was made to satisfy the judgment because an execution had been issued against the person of the defendant, under which he was arrested and held in custody from the second to the fourth of February, when he was discharged by the direction of the plaintiff's attorney. There can be no doubt but that this would have satisfied the judgment, and entitled the defendant to the order if it had been all that there was of the case; for an arrest on execution, and a release of the defendant from custody under the authority of the plaintiff, constitutes in law a satisfaction. But this was not a case of that description; for the defendant did not aquiesce in his liability to arrest upon the execution, as he had not been arrested by order before the recovery of the judgment. For that reason a motion was noticed in his behalf to set aside the arrest and release him from custody, and thereupon, without awaiting the action of the court on the motion, the plaintiff's attorney practically assented to its propriety; and for that reason consented to the defendant's discharge on the terms the court would

probably have exacted on a favorable decision of the motion, which were that no action should be commenced for false imprisonment. The effect of the arrangement was to afford the defendant the same result that he insisted he was entitled he was entitled to secure by the hearing and decision of the motion, and it should obviously have no other or greater effect. The defendant was allowed to succeed upon his motion without formally making it. As to him, it was a determination in favor of the accuracy of the position taken by him; that the execution had been irregularly issued, because he was not liable to arrest upon it; whether that was strictly the case or not, it is not necessary to decide; the defendant asserted it to be so, and the plaintiffs assented to the correctness of his position. And now, after he has gained his point and secured all the advantage it can possibly afford him, he should not be permitted to avail himself of the entirely inconsistent claim that the execution was legally issued against him, and for that reason the judgment was satisfied by his custody under it; that would be entirely unfair and unjust, and no authority has been found requiring the position to be sustained. The discharge may have been erroneously produced, but if that were the case after the defendant has secured the full benefit of the error, he ought not to be allowed to affirm its existence to the prejudice of the other party. The execution must now be considered as having been irregularly issued, and for that reason the plaintiffs did not have the advantage from it in the way of securing satisfaction of their judgment, which they would have had if they had been entitled to it as proper process upon their judgment; and having been deprived of its benefit by the proceedings of the defendant himself, to which they were induced to accord their assent, he should not now defeat their judgment by affirming that they have voluntarily abandoned the process, through whose instrumentality actual satisfaction of their demand might otherwise have been secured. Upon sound legal principles, the motion was properly denied. The case is substantially the same as though the discharge had been secured without the plaintiff's assent, for it was induced by the hostile action of the defendant, and if they had permitted the motion to proceed to a hearing, and the execution had been set aside, it would not have prejudiced their right

to resort to the usual process against property for the recovery of their debt. (*Ginochio* v. *Figari*, 4 E. D. Smith, 227 ; *Wesson* v. *Chamberlain*, 3 Comst., 331.) And the same result should be attended with no other effect when brought about by acquiescence in the propriety of the claim that was made, that the execution was not authorized by the judgment recovered. The order should be affirmed, with the usual costs and disbursements.

Ingalls, P. J., and Potter, J., concurred.

Order affirmed, with $10 costs and disbursements.